UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OTIS ELEVATOR COMPANY<br>Plaintiff; | )<br>)<br>) |
| v. | )<br>) |
| LOCAL 4, INTERNATIONAL UNION<br>OF ELEVATOR CONSTRUCTORS;<br>MICHAEL LANGER, INDIVIDUALLY,<br>and as BUSINESS MANAGER;<br>KEVIN McGETTIGAN, INDIVIDUALLY,<br>and as BUSINESS REPRESENTATIVE;<br>STEVE MORSE, INDIVIDUALLY, and<br>as BUSINESS REPRESENTATIVE;<br>and all others conspiring, acting in concert<br>or otherwise participating with them or<br>acting in their aid or behalf, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

Docket No.

November 24, 2004

04 cv 12493 RGS

## VERIFIED COMPLAINT

### THE PARTIES

1. Plaintiff, Otis Elevator Company ("Otis"), a New Jersey corporation, is engaged in the business of constructing, modernizing, repairing and servicing of elevators and escalators throughout the United States, including Massachusetts.

2. Otis employs elevator constructor Mechanics, Helpers and Apprentices represented by the International Union of Elevator Constructors (the "IUEC") for and on behalf of its locals including Defendant IUEC Local 4 ("Local 4").

3. This is an action to enjoin a work stoppage and other interferences with the Plaintiff's operations in violation of contract between an employer and a labor organization representing employees in an industry affecting commerce, as defined in the Labor Management

Relations Act, 29 U.S.C. § 141 et seq. This Court has jurisdiction of this action pursuant to 29 U.S.C. § 185(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2)

5. Otis is an employer within the meaning of Section 2(2) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152(2).

6. IUEC, which has a principal place of business at 7154 Columbia Gateway Drive, Columbia, MD 21044, is the exclusive collective-bargaining representative of elevator constructor Mechanics, Helpers and Apprentices, for and on behalf of its locals, including Defendant IUEC Local 4, which has a principal place of business at 645R Morrissey Blvd., Dorchester, Massachusetts 02122. Local 4 represents Mechanics, Helpers and Apprentices employed by Otis in the Boston, Massachusetts region.

7. Defendant Michael Langer is Business Manager for Local 4.

8. Defendants Kevin McGettigan and Steve Morse are Business Representatives of Local 4.

9. Local 4 is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152(5).

**THE COLLECTIVE-BARGAINING AGREEMENT**

10. Otis and the IUEC, for and on behalf of its locals including Local 4, have entered into a collective-bargaining agreement, which became effective July 9, 2002 and remains in full force and effect until July 8, 2007 (the "Otis Agreement"). A true and accurate copy of the Otis Agreement is attached as Exhibit A.

11. Since 1987, Otis has entered into a series of five-year collective-bargaining agreements with the International Union of Elevator Constructors ("IUEC"), "for and on behalf

of its affiliated local unions . . . ." Prior to 1987, Otis was a member of the National Elevator Industry Inc. ("NEII") a multi-employer association that negotiated a series of collective-bargaining agreements with the IUEC (the "Standard Agreements").

12. The Otis Agreement has language substantially the same as the Standard Agreements in many articles.

13. Article XIV of the Otis Agreement expressly prohibits strikes during the term of the Agreement. It provides in pertinent part:

### ARTICLE XIV
### STRIKES AND LOCKOUTS

**Par. 1.** It is agreed by both parties to this Agreement that so long as the provisions herein contained are conformed to, no strikes or lockouts shall be ordered against either party. It is understood that this Paragraph shall be applied and construed consistent with the provisions of Article IV, Par. 11 concerning Grievance and Arbitration procedure.

**Par. 2.** No strike will be called against the Company by the Union unless the strike is approved by the International Office of the International Union of Elevator Constructors. Sufficient notice shall be given to the Company before a strike shall become effective. Except in the case of Contract Service Work as specified in Article IX of this Agreement, work stoppages brought about by lawful picketing or strikes by building trades local unions affiliated with Building Trades Councils shall not constitute a strike within the meaning of this Article.

**Par. 3.** In the event of a strike, work stoppage or lockout affecting Mechanics, Helpers and Apprentices on New Construction or Repair Work, men working on Contract Service shall not be affected by such strike, work stoppage or lockout, and the Union will supply competent men to the Company to do all work covered under Contract service whether such men are continuously employed in this work or not prior to the strike, work stoppage or lockout.

14. Article XV of the Otis Agreement requires that "[a]ny difference or dispute regarding the application and construction of this Agreement" shall be resolved under the

3

grievance/arbitration procedure set forth in the Otis Agreement, which provides for final and binding arbitration by an impartial arbitrator.

15. The Otis Agreement covers the terms and conditions of employment of elevator constructor Mechanics, Helpers and Apprentices employed by Otis in Massachusetts. Article IV of the Otis Agreement provides that all elevator and escalator construction, service, repair and modernization must be performed exclusively by elevator constructor Mechanics, Helpers and Apprentices represented by the IUEC.

### THE UNDERLYING DISPUTE AND THE UNLAWFUL WORK STOPPAGE

16. In or around November 10, 2004, Otis fired two (2) employees, Nugent and Ortiz, for engaging in a physical fight. These employees are represented by Local 4, which has filed a grievance challenging both terminations.

17. Shortly following these terminations, there were reports that Local 4 representatives were encouraging Mechanics and other employees not to work voluntary overtime in response to the terminations of Nugent and Ortiz.

18. Mechanics are equipped with Nextel mobile telephones, which allow for instant text messaging on the mobile telephone display screens. On Wednesday, November 24, 2004, Local 4 Business Representative Kevin McGettigan sent the same text message to Mechanics in Massachusetts, New Hampshire and Maine. The text message reads in its entirety:

> "a brother/solidarity Support your brothers due to wronful *(sic)* termination. Refuse all volunteer overtime! Call me! 12:18P 11/24."

19. In addition to this Nextel text message, Business Representative Kevin McGettigan has spoken with several Mechanics by telephone on the same date, November 24, 2004, asking them to "show their support" to Local 4. Mr. McGettigan has told these Mechanics, "I can't tell you not to take [service] calls, but all your brothers are refusing…"

4

20. One mechanic, Michael Keenan, scheduled to work an overtime repair job at the Prudential Center in Boston this weekend, called the union hall and, when he indicated that he was planning to work, was treated in a "belligerent" manner by the Union's business agent.

21. As a direct result of pressure by the Local 4 representatives, several Mechanics have already informed their supervisors that they will not be available to work this Thanksgiving weekend.

22. Local 4's instructions to refuse overtime work and not be available to work over this weekend is an illegal work stoppage over a dispute that is subject to the Otis Agreement's grievance and arbitration provisions in violation of Articles XIV and XV of the Agreement.

23. Local 4's instructions to Mechanics not to work jeopardizes the proper operation of elevators and therefore, the safety of passengers in those elevators in several locations in the Boston area, including Boston University, as well as other locations in New England.

24. The unlawful acts specified herein were committed by Local 4 acting through its agents and members in concert with and/or at the direction of the IUEC.

25. Otis has demanded that Local 4 cease its illegal work stoppage and comply with the Otis Agreement, but the Union has refused.

26. The Defendants' coercive actions are in deliberate willful and calculated violation of the Otis Agreement in disregard of the arbitration process.

27. Upon information and belief, unless restrained by order of this Court, the concerted refusal to work by the employees represented by Defendants in violation of the Otis Agreement will continue.

### THE IRREPARABLE HARM RESULTING FROM THE UNLAWFUL WORK STOPPAGE

28.  As a result of the IUEC's and Local 4's directive, elevators serviced by Otis will not be able to be repaired during the holiday weekend in Massachusetts and other locations in New England. The lack of emergency elevator repair jeopardizes passenger safety and the operation of businesses, residences, hospitals and other institutions that rely upon elevator service.

29.  The Union's refusal to work is preventing Otis from fulfilling its contractual obligations and jeopardizing Otis's relationship with its customer to service and repair these elevators. Otis vies with several other elevator and escalator manufacturers in an extremely competitive market to service and repair elevators.

30.  Unless the relief sought herein is granted, substantial and irreparable injury to Otis and its customers will follow. The unlawful work stoppage is threatening Otis's reputation and good will with customers as well as jeopardizes the business operations of Otis's customers and the safety of third party passengers.

31.  Otis has no adequate remedy at law for the injuries caused and threatened by Defendants' illegal conduct.

32.  Unless Defendants are enjoined from their illegal and unlawful acts, and are ordered to resume performance of work, such actions will continue to cause immediate, substantial and irreparable harm to Otis, the amount of which cannot be definitely ascertained, in that:

   a)  Otis has been and will be unable to render adequate performance of its contractual obligations to provide emergency elevator repair; and

    b)  Otis will suffer temporary and permanent loss of business as a result of damage to its good will and reputation in the industry and its commercial relationships as a result of which its ability to bid on future jobs will be impaired;

  33.  The effect on the Defendants, if injunctive relief is granted, is less onerous than the harm that will be suffered by Otis and its customers if the injunction is not granted.

  34.  Otis has complied with all obligations imposed by law that are involved in this labor dispute.

  35.  Otis has made every reasonable effort to settle this labor dispute.

  36.  No prior application for the relief herein sought by Otis or for similar relief has been made to any court or judge of the United States or of any state.

  WHEREFORE, Plaintiff, Otis Elevator Company demands judgment:

  I.  Granting Plaintiff a temporary restraining order, and a preliminary and permanent injunction, restraining and enjoining Defendants, their officers, agents, representatives, members, employees and attorneys and all persons acting in concert or participation with them, including but not limited to the individuals named as Defendants in this Verified Complaint, from in any manner or by any means:

    A)  calling, causing, inducing, encouraging, authorizing, conducting, continuing in or engaging in any strike, work stoppage, work slowdown, sit-down or any other refusal to work or act of coercion or interference with Plaintiff's normal operations;

    B)  by Union discipline, penalty or otherwise, interfering with, or inducing or attempting to induce any person to interfere with any employee or agent of Plaintiff in the course of any such employee's or agent's work for Plaintiff;

   C) by threats or otherwise, interfering with or attempting to induce any person to interfere with or otherwise affect the ordinary continuation of Plaintiff's operation, and from taking any action which would interfere with this Court's jurisdiction in the premises;

   D) causing, inducing, conducting or carrying out any concerted activity of any kind having the effect of interfering with the Plaintiff's normal operations prior to the hearing on Plaintiff's application for a preliminary injunction;

  II. Directing Defendants to take all reasonable means to communicate and effectuate the provisions of the orders issued by the Court, including but not limited to the holding of meetings with employees represented by Defendant Local 4, and the issuance forthwith of appropriate notices or other communications to the members, officers, and agents of Defendants, and all those in active concert with them; requiring the immediate return to work of all employees of Plaintiff represented for collective-bargaining purposes by Defendants; and rescinding any oral or written notices, orders, directions, messages or requests to employees of Plaintiff authorizing, directing, inducing or encouraging any strike, slow-down, work stoppage refusal to work or other limitation upon production;

  III. Directing Defendants together with Plaintiff forthwith to arbitrate, pursuant to the collective-bargaining agreement between Plaintiff and Defendants, the present dispute; and

  IV. Granting such other and further relief to which Plaintiff may be entitled, including damages, costs and disbursements of the action.

November 24, 2004                    Respectfully submitted,

*[signature]*

Nathan L. Kaitz (BBO #256760)
Morgan, Brown & Joy, LLP
One Boston Place, 16th Floor
Boston, MA  02108
T.  (617) 523-6666
F.  (617) 367-3125
Email. nkaitz@morganbrown.com

STATE OF MASSACHUSETTS
COUNTY OF SUFFOLK

Mark MacLeod hereby certifies as follows:

I am the Regional Field Operations Manager, Service for Otis Elevator Company's ("Otis") Northeast Region. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

_11/24/04_
Date

_Mark MacLeod_
Mark MacLeod


STATE OF MASSACHUSETTS
SUFFOLK COUNTY, SS.

At Boston, Massachusetts, this 24th day of November 2004, Mark MacLeod, personally appeared, gave oath to the truth of the foregoing, and he acknowledged this instrument, by him sealed and subscribed, to be his free act and deed.

Before me _James M. Pender_
Notary Public
Commission Expires: February 17, 2006

JAMES M. PENDER
Notary Public
My Commission Expires
February 17, 2006

10

**04 CV 12493 RGS**

JS 44 (Rev. 3/99)  **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Otis Elevator Company

**DEFENDANTS**

Local 4, International Union of Elevator Constructors; Michael Lange; and Kevin McGettigan and Steve Morse

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Morgan, Brown & Joy, LLP
One Boston Place, Suite 1616
Boston, MA 02108

Attorneys (If Known)

Segal, Roitman and Coleman
11 Beacon Street
Boston, MA 02108

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Interpretation of collective bargaining agreement pursuant to Labor Management Act, 29 U.S.C. Sec. 141, et seq., and temporary restraining order.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ injunction & temporary restraining order
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: November 24, 2004
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____