UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OTIS ELEVATOR COMPANY )
    Plaintiff; )
                          )   Docket No.
v. )
                          )   **04 cv 12493 RGS**

## DECLARATION OF DAVID POWILATIS

David Powilatis, whose business address is One Farm Springs Road, Farmington, Connecticut 06032, swears and affirms that the following information is true and correct to the best of his knowledge and belief.

    1.    I am currently employed as Manager of Labor Relations for Otis Elevator Company ("Otis"). Otis is engaged in the business of selling, installing, constructing, modernizing, maintaining and servicing elevators and escalators. Otis has its headquarters in Farmington, Connecticut and field offices throughout the United States, including Massachusetts, New Hampshire and Maine.

    2.    As Manager of Labor Relations, I am responsible for representing Otis with respect to its relationships with labor organizations that represent Otis employees, including managing disputes that arise under collective-bargaining agreements. I am responsible for overseeing labor matters at locations throughout the country, including the State of New York.

    3.    Since 1987, Otis has entered into a series of five-year collective-bargaining agreements with the International Union of Elevator Constructors ("IUEC"), "for and on behalf of its affiliated local unions . . . ." Prior to 1987, Otis was a member of the National Elevator Industry Inc. ("NEII") a multi-employer association that negotiated a series of collective-bargaining agreements with the IUEC (the "Standard Agreements").

1

4.  The most recent agreement between Otis and the IUEC became effective on July 9, 2002, and will remain in full force and effect through July 8, 2007 (the "Agreement"). The Agreement covers the terms and conditions of employment of Elevator Mechanics, Helpers and Apprentices employed by Otis throughout the United States, including New York State, except New York City and Vicinity which is covered by a separate agreement with IUEC Local 1.

5.  Art. XIV Par. 1 of the Agreement provides as follows:

> It is agreed by both parties to this Agreement that so long as the provisions herein contained are conformed to no strikes or lockouts shall be ordered against either party. It is understood that this Paragraph shall be applied and construed consistent with the provisions of Article IV, Par. 11 concerning Grievance and Arbitration procedure.

6.  IUEC Local 4 ("Local 4") represents Elevator Mechanics, Helpers and Apprentices employed by Otis in Massachusetts, New Hampshire and Maine and its vicinity.

7.  I am familiar with the dispute among the IUEC, Local 4 and Otis regarding the termination of the employment of Mr. Todd Nugent and Mr. Al Ortiz. I have repeatedly spoken to Otis General Manager Eric Brodsky, Otis Senior Regional Field Operations Manager Mark MacLeod, Local 4 Business Manager Michael Langer and IUEC Regional Director Ronald Koerbel about this dispute.

8.  On or about November 1, 2004, I was informed by General Manager Brodsky that two Otis employees, Apprentice Al Ortiz and Mechanic Todd Nugent, were involved in a physical altercation in which punches were thrown while on working time and while on the premises of an Otis customer. After investigating the incident, Otis determined to terminate the employment of both Mr. Ortiz and Mr. Nugent based upon their involvement in this physical altercation. Both Mr. Ortiz and Mr. Nugent were terminated on November 8, 2004. (Exhibit A).

9.  On or about November 9, 2004, General Manager Brodsky and Regional Field Operations Manager MacLeod informed me that Local 4 Business Manager Michael Langer had met with them at Otis' Needham, Massachusetts office and discussed the terminations of Mr. Ortiz and Mr. Nugent. Both General Manager Brodsky and Regional Field Operations Manager MacLeod informed me that Business Manager Langer demanded that Otis rescind the termination letters of both Mr. Ortiz and Mr. Nugent and reinstate them to employment with Otis Elevator. At that meeting, Business Manager Langer told both General Manager Brodsky and Regional Field Operations Manager MacLeod that he was out of the office on November 8th when Otis terminated the employment of Mr. Ortiz and Mr. Nugent. Business Manager Langer then stated that "When the cat was away, the mice didn't play. Now, the cat was back." Both General Manager Brodsky and Regional Field Operations Manager MacLeod informed me that their understanding of that statement was that Local 4 had not engaged in an illegal work stoppage over these terminations while Business Manager Langer was out of the office, but Local 4 would now because Business Manager Langer was back. Regional Field Operations Manager MacLeod told Business Manager Langer that he would have to review the termination decisions with others at Otis and that he would contact Business Manager Langer.

10. Regional Field Operations Manager MacLeod informed me that on or about October 10, 2004, he left a voice mail message for Business Manager Langer informing him that Otis would not reinstate Mr. Ortiz or Mr. Nugent. However, Regional Field Operations Manager MacLeod offered to allow both Mr. Ortiz and Mr. Nugent to resign their employment with Otis Elevator.

11. I spoke with Business Manager Langer about the terminations of Mr. Ortiz or Mr. Nugent on or about Friday, November 12, 2004. I reiterated to Business Manager Langer that it

3

was my understanding that Regional Field Operations Manager MacLeod had offered to allow both Mr. Ortiz and Mr. Nugent to resign, in lieu of termination. Business Manager Langer repeated his demand that both Mr. Ortiz and Mr. Nugent should be reinstated to employment with Otis. Mr. Langer stated to me that when these terminations occurred, he was out of the office, and "when the cat was away, the mice did not play." He also stated to me that he was "getting a lot of pressure to do something" about these terminations. I understood Business Manager Langer's comments to be a threat that if Otis did not reinstate Mr. Ortiz and Mr. Nugent, Local 4 would engage in an illegal work stoppage. I told Business Manager Langer that I needed to speak with Regional Field Operations Manager MacLeod about this issue and that I would get back to him.

12. Later on in the afternoon of Friday, November 12, 2004, I called Business Manager Langer. I had not been able to get in contact with Regional Field Operations Manager MacLeod to discuss this issue because he was on vacation. I told Business Manager Langer that I had not been able to contact Regional Field Operations Manager MacLeod but would do so and contact him on Monday. Business Manager Langer told me that "we [Otis] would not have any problems over the weekend." I understood that to mean that Local 4 would not engage in an illegal work stoppage over this issue over the weekend.

13. On or about November 15, 2004, I called Business Manager Langer. I informed him that Otis would not reinstate the employment of Mr. Ortiz or Mr. Nugent. I reconveyed Otis' offer to allow both Mr. Ortiz or Mr. Nugent to resign in lieu of being terminated. Business Manager Langer rejected that offer.

14. Over the week of November 15, 2004, I had various conversations with Business Manager Langer regarding the termination of Mr. Ortiz and Mr. Nugent and concerning previous

grievances regarding terminations of Elevator Mechanics and Apprentices for fighting on the job. Business Manager Langer maintained that the terminations of Mr. Ortiz and Mr. Nugent were unjust. I told Business Manager Langer that I disagreed and that Otis believed they were proper. I also spoke with IUEC Regional Director Ronald Koerbel about the termination of Mr. Ortiz and Mr. Nugent during this week.

15. On or about November 19, 2004, I spoke with Business Manager Langer on the telephone. He informed me that Local 4 did not agree with Otis' decision and that Local 4 would file grievances over the terminations. Business Manager Langer also sent me two letters dated November 19, 2004 stating Local 4's position. (See Exhibit B).

16. On or about November 23, 2004, I received grievances from Local 4 regarding the terminations of Mr. Ortiz and Mr. Nugent (See Exhibit C). That same day, I contacted IUEC Regional Director Koerbel and exchanged tentative dates to meet and conduct the written step one meetings on these grievances.

17. Today, I was informed that numerous Otis Mechanics, Helpers and Apprentices received a text message on their cellular telephones imploring them not to work over the long Thanksgiving weekend as a show of solidarity for their Union brothers would were wrongfully terminated. I also was informed that various Otis Mechanics who are scheduled to respond to elevator service calls over this weekend were contacted by Local 4 Business Representative Kevin McGettigan and were told not to respond to such calls.

18. After being so informed, I called and left various voice mail messages for Business Manager Langer and Regional Director Koerbel in an attempt to avoid this illegal work stoppage. To date, neither have returned my telephone calls. In a further attempt to stop this illegal work stoppage, I prepared a letter November 24, 2004 to IUEC General President

Brigham and Business Manager Langer concerning this dispute and the resulting illegal job action. (Exhibit D). In that letter, I invited General President Brigham and Business Manager Langer to follow the procedure in the Agreement between Otis and the IUEC for resolving such disputes, namely filing a grievance under Article XV of the Agreement.

    SWORN to under the pains and penalties of perjury.

Dated: November 24, 2004

_David Powilatis_



## International Union of Elevator Constructors Local Union No. 4

Boston, MA/Portland, ME

*Affiliated with Building Trades, A.F.L.-C.I.O.*

**BUSINESS MANAGER**
MICHAEL J. LANGER

**BUSINESS REPRESENTATIVE**
KEVIN L. McGETTIGAN

**BUSINESS REPRESENTATIVE
FINANCIAL SECRETARY**
STEVEN A. MORSE

November 19, 2004

Dave Powilatis
Labor Relations Manager
Otis Elev. Company
One farm Springs Road
Farmington CT 06032

**Re: Wrongful termination of Mr. Ortiz**

Dear David:

I am writing this as a follow up to our discussions over the last week and a half with regards to the wrongful termination of apprentice Al Ortiz. Otis failed to utilize Article XXII Par 5 e of the Otis Elevator Company Agreement, which states"

> (e) It is understood and agreed that prior to terminating an employee for unsatisfactory performance who is to be replaced under this paragraph or any other employee, the Company will give a written warning to the employee with a copy to the Business Representative in order that the employee be given an opportunity to improve his work performance. Such a termination may be submitted as a grievance to the National Arbitration Committee as provided under Article XV as a final source of appeal.

No opportunity to improve had been given to Mr. Ortiz. As a matter of fact, Mr. Ortiz in his 4-year tenure at Otis Elevator Co, has never received a written complaint from the company or any customer. Local 4 demands that you return Mr. Ortiz to work immediately and pay him for all lost wages and benefits from the date of his wrongful termination until his return. Grievance #02-07/4-48 has been assigned to this issue and will be forwarded to you.

Sincerely,

Michael J. Langer
Business Manager
Local 4 Boston/Portland

Cc: R. Koerbel IUEC Reg. Dir.
    A. Ortiz IUEC
**Sent Via US Mail and Fax**

645R MORRISSEY BOULEVARD • DORCHESTER, MA 02122 • Tel: (617) 298-1547 • Fax: (617) 288-6724 • E-mail: local4@iueclocal4.com
ME. VT. NH. 1-800-694-6797

Otis Elevator Company
One Farm Springs
Farmington, Connecticut 06032-2500
(860) 676-6000



**Otis**
A United Technologies Company

November 24, 2004

**VIA FAX / 410 953-6169**

Mr. Dana Brigham
General President
IUEC
7154 Columbia Gateway Drive
Columbia, MD 21046

**VIA FAX / 617 288-6724**

Mr. Michael Langer
Business Manager
IUEC/Local No. 4
645R Morrissey Blvd.
Dorchester, MA 02122

Re: **Illegal Work Stoppage by Local 4**

Dear Mr. Brigham and Mr. Langer:

The purpose of this notice is to demand that the IUEC, Local 4 and its members immediately cease instigating, encouraging, and engaging in a work stoppage against Otis Elevator Company. Such a work stoppage is illegal and in violation of Article XIV, the No-Strike clause in the Collective Bargaining Agreement between Otis and the IUEC. It is jeopardizing Otis' relationship with its customers and exposing the Company, its customers and the public to risk of immediate irreparable harm.

Numerous Otis employees reported receiving a text message on their cellular telephones that stated "Support your brothers due to wronful [sic.] termination" and directing them not to work over this long holiday weekend. Moreover, numerous Otis employees reported being contacted by officers and officials of Local 4 who informed them that all Otis employees are refusing to work over the weekend.

As you know, any disputes regarding the discipline or termination of Otis employees/IUEC members are subject to the grievance and arbitration provision of the Otis/IUEC Collective Bargaining Agreement. The Agreement prohibits the IUEC and Local 4 from engaging in a work stoppage over any dispute regarding the discipline or termination of Otis employees/IUEC members. Instead, the Union must follow the grievance and arbitration procedure. In fact, Local 4 has recently filed Grievance Nos. 4-47 and 4-48 concerning the terminations of Mr. Al Ortiz and Mr. Todd Nugent. Otis stands ready to fulfill all its obligations under the grievance and arbitration procedure in the Agreement, including expediting those grievances pursuant to Article XIV, par. 9 of the Collective Bargaining Agreement.

Otis hereby demands that the IUEC, Local 4 and its members immediately cease instigating, encouraging, and engaging in this illegal work stoppage. Please be advised that Otis will seek immediate and appropriate judicial relief if the IUEC, Local 4 and its members continue to violate the Collective Bargaining Agreement.

Sincerely,

David Powilatis
Labor Relations Manger

cc: Ron Koerbel, IUEC Regional Director (via fax: 724 452-1293)

# IUEC GRIEVANCE FORM

Grievance No.: 02 - 07/4-48
Employer: Otis
Date Filed: 11/19/2004

**WRITTEN STEP ONE (To be completed by grievant)**
Name: Al ortiz Termination     Address: 645R Morrissey Blvd Dorchester, MA 02122
Local Union No.: 4    Telephone No.: 6172881547
CHECK ONE: _____ IUEC __X__ Local _____ Employee _____ Employer
Company Representative & Date of Oral Step Disposition: Mark MacLeod - 11/19/2004
Statement of Grievance: Brother Ortiz was terminated without first receiving an Article XXII Par 5 e letter, giving him the chance to improve his performance.

Agreement provision(s) violated (If known): Article XXII Para. 5
Remedy Requested: Rescind the termination letter and pay all lost wages equal to $339.36 for everyday out of work due to wrongful termination. Place Brother Ortiz back to work. Wages $31.52 Benis $10.90 Total $42.42 per hour @ 8 hours = $339.36

(To be completed by employer or local union against whom grievance was filed)
Received by: D. POWILATIS      Date Received: 11/23/04
Written Step One Meeting held on (date): _____
Disposition Written Step One: _____

[ ] accepted   [ ] appealed

**WRITTEN STEP TWO (National Arbitration Committee)**
Disposition Written Step Two: _____

[ ] accepted   [ ] appealed

*Please mail copies with signatures to IUEC Headquarters, Regional Director, Local Union and Employer/ECA.*

# IUEC GRIEVANCE FORM

Grievance No.: 02 - 07/4-47
Employer: Otis
Date Filed: 11/19/2004

**WRITTEN STEP ONE** (To be completed by grievant)

Name: Todd nugent Termination        Address: 645R Morrissey Blvd Dorchester, MA 02122

Local Union No.: 4    Telephone No.: 6172881547

CHECK ONE: _____ IUEC __X__ Local _____ Employee _____ Employer

Company Representative & Date of Oral Step Disposition: Mark MacLeod - 11/19/2004

Statement of Grievance: Brother Nugent was terminated without first recieving an Article XXII Par 5 e letter, giving him the chance to improve his performance.

Agreement provision(s) violated (if known): Article XXII Para. 5

Remedy Requested: Rescind the termination letter and pay all lost wages equal to $402.38 for everyday out of work due to wrongful termination. Place Brother Nugent back to work. Wages $39.395 Benis $10.90 Total $50.295 per hour @ 8 hours = $402.38

(To be completed by employer or local union against whom grievance was filed)

Received by: D. POWILATIS        Date Received: 11/23/04

Written Step One Meeting held on (date): _____

Disposition Written Step One: _____

_____ Employer Representative    _____ Date
[ ] accepted    [ ] appealed
_____ Regional Director, IUEC (or designee)    _____ Date

**WRITTEN STEP TWO** (National Arbitration Committee)

Disposition Written Step Two: _____

_____ Employer Representative    _____ Date
[ ] accepted    [ ] appealed
_____ IUEC Representative    _____ Date

*Please mail copies with signatures to IUEC Headquarters, Regional Director, Local Union and Employer/ECA.*

*International Union of Elevator Constructors*
*Local Union No. 4*
*Boston, MA/Portland, ME*

Affiliated with Building Trades, A.F.L.-C.I.O.

BUSINESS MANAGER
**MICHAEL J. LANGER**

BUSINESS REPRESENTATIVE
**KEVIN L. McGETTIGAN**

BUSINESS REPRESENTATIVE
FINANCIAL SECRETARY
**STEVEN A. MORSE**



November 19, 2004

Dave Powilatis
Labor Relations Manager
Otis Elev. Company
One farm Springs Road
Farmington CT 06032

Re: Wrongful termination of Mr. Nugent

Dear David:

I am writing this as a follow up to our discussions over the last week and a half with regards to the wrongful termination of mechanic Todd Nugent. Otis failed to utilize Article XXII Par 5 e of the Otis Elevator Company Agreement, which states"

> (e) It is understood and agreed that prior to terminating an employee for unsatisfactory performance who is to be replaced under this paragraph or any other employee, the Company will give a written warning to the employee with a copy to the Business Representative in order that the employee be given an opportunity to improve his work performance. Such a termination may be submitted as a grievance to the National Arbitration Committee as provided under Article XV as a final source of appeal.

No opportunity to improve had been given to Mr. Nugent. As a matter of fact, Mr. Nugent in his 9-year tenure at Otis Elevator Co, has never received a written complaint from the company or any customer. Local 4 demands that you return Mr. Nugent to work immediately and pay him for all lost wages and benefits from the date of his wrongful termination until his return. Grievance #02-07/4-47 has been assigned to this issue and will be forwarded to you.

Sincerely,

Michael J. Langer
Business Manager
Local 4 Boston/Portland

Cc: R. Koerbel IUEC Reg. Dir.
T. Nugent IUEC
Sent Via US Mail and Fax

Otis Elevator Company
61 Fourth Avenue
Needham, MA 02494
781-433-7700
781-433-7760 (f)


**Otis**
A United Technologies Company

November 8, 2004

Mr. Al Ortiz
13 Eugene Way
South Weymouth, MA 02190

Re:   Notice of Termination

Dear Mr. Ortiz:

This letter is to inform you that your employment with Otis Elevator Company is terminated effective immediately. Your unacceptable and inappropriate conduct has caused us to terminate your employment.

Specifically, you were involved in an altercation with another Otis employee on a customer's premises on working time on Friday, October 29th. Initially, you were involved in a verbal altercation with Todd Nugent on the customer's premises. After that initial altercation, you prolonged the altercation by calling Mr. Nugent to continue the verbal altercation over the telephone. You then waited for Mr. Nugent to arrive at a second location on the customer's premises. Once Mr. Nugent arrived there, the altercation between you and Mr. Nugent continued and escalated into a physical altercation. This type of behavior is completely unacceptable, and Otis does not condone or tolerate this type of misconduct.

Accordingly, for these reasons, your employment with Otis is terminated immediately. Please return all Company materials, tools, safety equipment, and any other Company property you may have in your possession to your supervisor immediately.

Sincerely,

Eric Brodsky
General Manager

cc:   Mr. Michael Langer
      Mr. Mark MacLeod
      Mr. Doug Christensen
      Mr. Jim Cummings
      Mr. David Powilatis
      Personnel File

Otis Elevator Company
61 Fourth Avenue
Needham, MA 02494
781-433-7700
781-433-7760 (f)



Otis
A United Technologies Company

November 8, 2004

Mr. Todd Nugent
38 Whittier Road
Marlboro, MA 01752

Re:    Notice of Termination

Dear Mr. Nugent:

This letter is to inform you that your employment with Otis Elevator Company is terminated effective immediately. Your unacceptable and inappropriate conduct has caused us to terminate your employment.

Specifically, you were involved in an altercation with another Otis employee on a customer's premises on working time on Friday, October 29th. Initially, you were involved in a verbal altercation with Al Ortiz on the customer's premises. After that initial altercation, you received a telephone call from Mr. Ortiz. After receiving that call, you drove an Otis company vehicle to meet Mr. Ortiz at a second location on the customer's premises. Once you arrived there, the altercation between you and Mr. Ortiz continued and escalated into a physical altercation. This type of behavior is completely unacceptable, and Otis does not condone or tolerate this type of misconduct.

Accordingly, for these reasons, your employment with Otis is terminated immediately. Please return all Company materials, tools, safety equipment, and any other Company property you may have in your possession to your supervisor immediately.

Sincerely,

Eric Brodsky
General Manager

cc:    Mr. Michael Langer
       Mr. Mark MacLeod
       Mr. Doug Christensen
       Mr. John Caughey
       Mr. David Powilatis
       Personnel File