UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| OTIS ELEVATOR COMPANY )<br>Plaintiff, )<br> )<br>v. )<br> )<br>LOCAL 4, INTERNATIONAL UNION )<br>OF ELEVATOR CONSTRUCTORS; )<br>MICHAEL LANGER, INDIVIDUALLY, )<br>and as BUSINESS MANAGER; )<br>KEVIN McGETTIGAN, INDIVIDUALLY, )<br>and as BUSINESS REPRESENTATIVE; )<br>STEVE MORSE, INDIVIDUALLY, and )<br>as BUSINESS REPRESENTATIVE; )<br>and all others conspiring, acting in concert )<br>or otherwise participating with them or )<br>acting in their aid or behalf, )<br>Defendants. )<br> ) | 11/24/04<br><br>Case No. 04CV12493RGS |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR A PRELIMINARY INJUNCTION AND RESPONSE TO SHOW CAUSE ORDER

Now come the Defendants Michael Langer, Kevin McGettigan and Steve Morse in their individual and official capacities and Local 4, International Union of Elevator Constructors (collectively referred to as "Union Defendants") state their opposition to Plaintiff's application for a temporary restraining order and respond to the court's show cause order. The grounds for the Opposition of the Union Defendants and their response to the show cause order are as follows:

1. Plaintiffs have failed to comply with the provisions of the Norris-LaGuardia Act, 29 U.S.C. §§ 101 et seq. The limited authority granted to Federal Courts to issue equitable orders under §301(a) of the Labor Management Relations

Act, 28 U.S.C. §185(a) recognized in <u>Boys Markets v. Retail Clerks</u>, 398 U.S. 235 (1970) does not authorize the wholesale disregard of the substantive and procedural protections contained in the Norris-LaGuardia Act.

2. Plaintiff concedes the applicability of the Norris LaGuardia Act. See Plaintiff's memorandum at 5-6. The case upon which Plaintiff relies, <u>Allied Systems Ltd. v. Teamsters Negotiating Committee</u>, 179 F. 3d 982 (6th Cir. 1999) reinforces the Court's obligation to balance the anti-injunction provisions of Norris LaGuardia with the narrow exception provided by <u>Boys Markets</u>.

3. Section 7 of the Norris-LaGuardia Act, 29 U.S.C. § 107, requires a hearing. ("No court of the United States shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as defined in this chapter, except after hearing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony and opposition thereto if offered"). Section 7 authorizes a court to issue a temporary restraining order without notice upon allegations of unavoidable "substantial and irreparable injury to complainant's property" "upon testimony under oath, sufficient, if sustained, to justify the court in issuing a temporary injunction upon a hearing after notice."

4. The principal factual allegations of the Verified Complaint (i.e., paragraphs 17, 18, 19, 20 and 21), the Declaration of Micah Elliott, the Affidavit of John Caughey and certain allegations in the Declaration of David Powilatis contain hearsay evidence that is not sufficient to justify either an injunction or a temporary retraining

order. Fuchs v. Hood Industries, Inc., 471 F. Supp. 186 (D. Mass. 1979) and Davila v. United States, 54 F. 2d. 356 (1st Cir. 1931).

5. Section 8 of Norris-LaGuardia, 29 U.S.C. § 108, imposes a burden on the Plaintiff seeking injunctive relief "to make every reasonable effort to settle such dispute" as a precondition to injunctive relief. The Verified Complaint contains no allegation that Plaintiff has done so.

6. Plaintiff's requested TRO is overbroad in that it is not limited to the acts complained of. Section 9 of the Norris-LaGuardia Act, 29 U.S.C. §109, requires that any injunction "shall include only a prohibition of such specific act or acts as may be expressly complained of in the bill of complaint". As the temporary restraining order is broadly drafted to cover acts and conduct that are not complained of in the Verified Complaint the request is overbroad. See Westmoreland Coal Co. v. Mine Workers, 910 F.2d 130, 138 (4 Cir. 1990) ("Section 9 of the Norris-LaGuardia Act, which must be accommodated with section 301 of the National Labor Relations Act, applies to Boys Markets actions. . . . Section 9 serves to prevent district courts from issuing overbroad injunctions").

7. Section 301 authorizes suits by and against labor organizations but it does not authorize actions against individual employees or union officers in their individual capacities. Complete Auto Transit, Inc. v. Reis, 451 U.S. 401 (1981). Although Complete Auto Transit decided the question of a damage action against individual employees (as opposed to injunctive relief), see 451 U.S. 417 n. 17, the Court made clear that an employer has a "significant array of other remedies" including a damage action against the union, disciplining individual employees and

3

injunctive relief against the union. See also <u>Century Aluminum v. Steelworkers</u>, 82 F.Supp. 580, 582 (S.D.W.V. 2000) (dismissing claims against individuals).

8. Under <u>Boys Markets</u> Plaintiff is required to allege that the dispute over which the Union is striking is arbitrable. Plaintiff has failed to do so in its Verified Complaint.

9. Plaintiff's request for injunctive relief does not include any reference to arbitrating the underlying dispute. Article XV, paragraph 9 of the collective bargaining agreement provides that discharge grievances shall be handled through expedited, impartial arbitration. Any <u>Boys Markets</u> relief should include an order to the parties that the discharges of members Nugent and Ortiz be expedited.

10. The Verified Complaint is devoid of any credible evidence of irreparable harm. Even if the concerted refusal to accept overtime call backs can be assumed to be strike activity for the purpose of this case, Otis' anticipated difficulty in staffing call backs hardly qualifies as "substantial and irreparable injury to complainant's property" within the meaning of 29 U.S.C. § 107. See <u>Tejidos de Coamo, Inc. v. International Ladies' Garment Workers' Union</u>, 22 F.3d 8, 15 (1 Cir. 1994)("In sum, so far as appears from this record, there is no substantial and irreparable injury--or at least injury of a kind that courts recognize in injunction cases. Under ordinary standards for injunctive relief, irreparable injury is nominally required but courts are often generous where the complainant's claim on the merits is very strong or unanswerable. Under section 7, however, there is no such generosity. Absent a supported finding of "substantial and irreparable injury," the stay of arbitration cannot stand.").

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12493- RGS

OTIS ELEVATOR COMPANY

v.

LOCAL 4, INTERNATIONAL UNION OF ELEVATOR
CONSTRUCTORS; MICHAEL LANGER, INDIVIDUALLY, and as
BUSINESS MANAGER; KEVIN McGETTIGAN, INDIVIDUALLY, and as
BUSINESS REPRESENTATIVE; STEVE MORES, INDIVIDUALLY, and as
BUSINESS REPRESENTATIVE; and all others conspiring, acting
in concert or otherwise participating with them or acting
in their aid or behalf

STANDSTILL ORDER

November 30, 2004

STEARNS, D.J.

After review of the pleadings and a hearing, and a determination that a binding collective bargaining agreement (CBA) is in effect, and with the essential (if not complete) agreement of the parties, and consistent with the provisions of the CBA and such authority as Boys Market, Inc. v. Retail Clerks Union, 398 U.S. 235 (1970), may grant, the court ORDERS as follows:

1.      Defendant Local 4 of the International Union of Elevator Constructors (IUEC), its officers, agents, and representatives, are hereby enjoined from inducing, authorizing, or encouraging employee-members from refusing to perform voluntary overtime callbacks or otherwise obstructing the normal business operations of plaintiff Otis Elevator Company (Otis).

2.      Defendant Local 4, unless otherwise designated by the General President of the IUEC, and Otis, shall undertake an expedited arbitration of all issues related to the

discharge of Local 4 members Nugent and Ortiz. In so doing, the parties will abide by the provisions of Article XV, Paragraph 9 of the CBA, including the timeframes set out therein (unless modified by the mutual agreement of the parties and the arbitrator).

SO ORDERED.

*/s/ Richard D. Stearns*

UNITED STATES DISTRICT JUDGE
