A1

FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT 29 A 9: 50
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| OTIS ELEVATOR COMPANY ) | BOND NO. 015021878 |
| Plaintiff; ) | |
| ) | Docket No. 1:04-cv-12493-RGS |
| v. ) | |
| ) | |
| LOCAL 4, INTERNATIONAL UNION ) | |
| OF ELEVATOR CONSTRUCTORS; ) | |
| MICHAEL LANGER, INDIVIDUALLY, ) | |
| and as BUSINESS MANAGER; ) | |
| KEVIN McGETTIGAN, INDIVIDUALLY, ) | |
| and as BUSINESS REPRESENTATIVE; ) | |
| STEVE MORSE, INDIVIDUALLY, and ) | |
| as BUSINESS REPRESENTATIVE; ) | |
| and all others conspiring, acting in concert ) | |
| or otherwise participating with them or ) | |
| acting in their aid or behalf, ) | |
| ) | |
| Defendants. ) | |

## INJUNCTION BOND

Liberty Mutual Insurance Company ("Liberty"), as surety for Otis Elevator Company, is held and firmly bound unto Defendants in the above-captioned cause in the sum of Five Thousand Dollars ($5,000.), for the payment of which Liberty binds itself, its successors and assigns, jointly and severally, upon the following conditions. Plaintiff has petitioned the Court for a preliminary injunction restraining the performance of certain acts, which the Court has granted.

NOW, THEREFORE, if Plaintiff shall pay or cause to be paid to Defendants all costs or damages which may accrue by reason of a preliminary injunction, should this Court or a reviewing Court find that Defendants were wrongfully enjoined or restrained, then this obligation is void; otherwise the Bond shall be in full force and effect and provide a source of

recovery of costs and damages as may be incurred or suffered by Defendants if they are found to have been wrongfully enjoined or restrained.

Signed, sealed and dated November 23, 2004

LIBERTY MUTUAL INSURANCE COMPANY

BY: *[signature]*
Betty Calderon, Attorney-In-Fact

## NOTICE FROM SURETY REQUIRED BY
## TERRORISM RISK INSURANCE ACT OF 2002

In accordance with the Terrorism Risk Insurance Act of 2002 (referred to hereinafter as the "Act"), this disclosure notice is provided for surety bonds on which one or more of the following companies is the issuing surety: Liberty Mutual Insurance Company; Liberty Mutual Fire Insurance Company; LM Insurance Corporation; The First Liberty Insurance Corporation; Liberty Insurance Corporation; Employers Insurance Company of Wausau (formerly "EMPLOYERS INSURANCE OF WAUSAU A Mutual Company"); Peerless Insurance Company; and any other company that is a part of or added to the Liberty Mutual Group for which surety business is underwritten by Liberty Bond Services (referred to collectively hereinafter as the "Issuing Sureties").

### NOTICE FORMS PART OF BOND

This notice forms part of surety bonds issued by any one or more of the Issuing Sureties.

### DISCLOSURE OF PREMIUM

The premium attributable to any bond coverage for "acts of terrorism" as defined in Section 102(1) of the Act is Zero Dollars ($0.00).

### DISCLOSURE OF FEDERAL PARTICIPATION
### IN PAYMENT OF TERRORISM LOSSES

The United States will reimburse the Issuing Sureties for ninety percent (90%) of any covered losses from terrorist acts certified under the Act exceeding the applicable surety deductible.

1594617

THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.
This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

## LIBERTY MUTUAL INSURANCE COMPANY
## BOSTON, MASSACHUSETTS
## POWER OF ATTORNEY

KNOW ALL PERSONS BY THESE PRESENTS: That Liberty Mutual Insurance Company (the "Company"), a Massachusetts stock insurance company, pursuant to and by authority of the By-law and Authorization hereinafter set forth, does hereby name, constitute and appoint
GLENN J. PELLETIERE, BETTY CALDERON, VIVIAN CARTI, CYNTHIA FARRELL, DEBRA A. DEMING, ROBERT P. MCDONOUGH, HALINA KAZMIERCZAK, THOMAS RHATIGAN, YVONNE OLMEDA, ELIZABETH MARRERO, PATRICIA NG, SANDRA DIAZ, WENDY WANG, EVANGELINA L. DOMINICK, ALL OF THE CITY OF NEW YORK, STATE OF NEW YORK ..............................................
, each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations in the penal sum not exceeding FIFTY MILLION AND 00/100********************** DOLLARS ($ 50,000,000.00***** ) each, and the execution of such undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents, shall be as binding upon the Company as if they had been duly signed by the president and attested by the secretary of the Company in their own proper persons.

That this power is made and executed pursuant to and by authority of the following By-law and Authorization:

ARTICLE XIII - Execution of Contracts: Section 5. Surety Bonds and Undertakings.
Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

By the following instrument the chairman or the president has authorized the officer or other official named therein to appoint attorneys-in-fact:

Pursuant to Article XIII, Section 5 of the By-Laws, Garnet W. Elliott, Assistant Secretary of Liberty Mutual Insurance Company, is hereby authorized to appoint such attorneys-in-fact as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

That the By-law and the Authorization set forth above are true copies thereof and are now in full force and effect.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Company and the corporate seal of Liberty Mutual Insurance Company has been affixed thereto in Plymouth Meeting, Pennsylvania this  9th  day of  August  , 2004 .

LIBERTY MUTUAL INSURANCE COMPANY



By _____
Garnet W. Elliott, Assistant Secretary

COMMONWEALTH OF PENNSYLVANIA   ss
COUNTY OF MONTGOMERY

On this 9th day of August , 2004 , before me, a Notary Public, personally came Garnet W. Elliott, to me known, and acknowledged that he is an Assistant Secretary of Liberty Mutual Insurance Company; that he knows the seal of said corporation; and that he executed the above Power of Attorney and affixed the corporate seal of Liberty Mutual Insurance Company thereto with the authority and at the direction of said corporation.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Plymouth Meeting, Pennsylvania, on the day and year first above written.

Notarial Seal
Teresa Pastella, Notary Public
Plymouth Twp., Montgomery County
My Commission Expires Mar. 28, 2005
Member, Pennsylvania Association of Notaries

By _____
Teresa Pastella, Notary Public

### CERTIFICATE

I, the undersigned, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy, is in full force and effect on the date of this certificate; and I do further certify that the officer or official who executed the said power of attorney is an Assistant Secretary specially authorized by the chairman or the president to appoint attorneys-in-fact as provided in Article XIII, Section 5 of the By-laws of Liberty Mutual Insurance Company.

This certificate and the above power of attorney may be signed by facsimile or mechanically reproduced signatures under and by authority of the following vote of the board of directors of Liberty Mutual Insurance Company at a meeting duly called and held on the 12th day of March, 1980.

VOTED that the facsimile or mechanically reproduced signature of any assistant secretary of the company, wherever appearing upon a certified copy of any power of attorney issued by the company in connection with surety bonds, shall be valid and binding upon the company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said company, this  23RD  day of  NOVEMBER , 2004 .



By _____
David M. Carey, Assistant Secretary

*Not valid for mortgage, note, loan, letter of credit, bank deposit, currency rate, interest rate or residual value guarantees.*

*To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.*

Annual Statement for the year 2003 of the   Liberty Mutual Insurance Company

## ASSETS

|  | Current Year | | | Prior Year |
|---|---|---|---|---|
|  | 1<br>Assets | 2<br>Nonadmitted Assets | 3<br>Net Admitted Assets (Cols. 1 - 2) | 4<br>Net Admitted Assets |
| 1. Bonds (Schedule D) | 10,155,163,434 |  | 10,155,163,434 | 8,469,975,732 |
| 2. Stocks (Schedule D): |  |  |  |  |
| 2.1 Preferred stocks | 120,146,803 |  | 120,146,803 | 109,948,274 |
| 2.2 Common stocks | 5,204,104,751 |  | 5,204,104,751 | 4,693,614,837 |
| 3. Mortgage loans on real estate (Schedule B): |  |  |  |  |
| 3.1 First liens |  |  |  |  |
| 3.2 Other than first liens |  |  |  |  |
| 4. Real estate (Schedule A): |  |  |  |  |
| 4.1 Properties occupied by the company (less $ 0 encumbrances) | 214,376,886 |  | 214,376,886 | 179,919,527 |
| 4.2 Properties held for the production of income (less $ 0 encumbrances) | 1,056,090 |  | 1,056,090 | 1,129,461 |
| 4.3 Properties held for sale (less $ 0 encumbrances) |  |  |  | 384,949 |
| 5. Cash ($ 150,190,447, Schedule E-Part 1), cash equivalents ($ 0, Schedule E-Part 2) and short-term investments ($ 273,027,272, Schedule DA) | 423,217,719 |  | 423,217,719 | 1,105,485,241 |
| 6. Contract loans (including $ 0 premium notes) |  |  |  |  |
| 7. Other invested assets (Schedule BA) | 973,135,974 |  | 973,135,974 | 732,531,144 |
| 8. Receivable for securities | 10,821,182 |  | 10,821,182 | 16,600,818 |
| 9. Aggregate write-ins for invested assets |  |  |  |  |
| 10. Subtotals, cash and invested assets (Lines 1 to 9) | 17,102,022,839 |  | 17,102,022,839 | 15,309,570,003 |
| 11. Investment income due and accrued | 130,435,960 |  | 130,435,960 | 127,837,231 |
| 12. Premiums and considerations: |  |  |  |  |
| 12.1 Uncollected premiums and agents' balances in the course of collection | 681,959,134 | 8,379,231 | 673,579,903 | 822,435,961 |
| 12.2 Deferred premiums, agents' balances and installments booked but deferred and not yet due (including $ 0 earned but unbilled premiums) | 973,405,672 |  | 973,405,672 | 816,117,738 |
| 12.3 Accrued retrospective premiums | 556,511,628 | 53,064,048 | 503,447,580 | 440,666,485 |
| 13. Reinsurance: |  |  |  |  |
| 13.1 Amounts recoverable from reinsurers | 324,809,376 |  | 324,809,376 | 315,563,551 |
| 13.2 Funds held by or deposited with reinsured companies | 681,442,561 |  | 681,442,561 | 633,962,604 |
| 13.3 Other amounts receivable under reinsurance contracts |  |  |  |  |
| 14. Amounts receivable relating to uninsured plans | 2,750,281 | 2,750,281 |  |  |
| 15.1 Current federal and foreign income tax recoverable and interest thereon |  |  |  |  |
| 15.2 Net deferred tax asset | 936,855,421 | 503,979,950 | 432,875,471 | 322,261,624 |
| 16. Guaranty funds receivable or on deposit | 28,941,454 |  | 28,941,454 | 18,910,233 |
| 17. Electronic data processing equipment and software | 113,354,731 | 64,340,423 | 49,014,308 | 54,320,524 |
| 18. Furniture and equipment, including health care delivery assets ($ 0) | 23,477,300 | 23,477,300 |  |  |
| 19. Net adjustment in assets and liabilities due to foreign exchange rates |  |  |  |  |
| 20. Receivables from parent, subsidiaries and affiliates | 938,737,486 |  | 938,737,486 | 300,171,841 |
| 21. Health care ($ 0) and other amounts receivable |  |  |  |  |
| 22. Other assets nonadmitted | 24,354,631 | 24,354,631 |  |  |
| 23. Aggregate write-ins for other than invested assets | 386,916,041 | 80,477,003 | 306,439,038 | 334,661,072 |
| 24. Total assets excluding Separate Accounts, Segregated Accounts and Protected Cell Accounts (Lines 10 to 23) | 22,905,974,515 | 760,822,867 | 22,145,151,648 | 19,296,498,887 |
| 25. From Separate Accounts, Segregated Accounts and Protected Cell Accounts |  |  |  |  |
| 26. Total (Lines 24 and 25) | 22,905,974,515 | 760,822,867 | 22,145,151,648 | 19,296,498,887 |

| DETAILS OF WRITE-INS |  |  |  |  |
|---|---|---|---|---|
| 0901. |  |  |  |  |
| 0902. |  |  |  |  |
| 0903. |  |  |  |  |
| 0998. Summary of remaining write-ins for Line 9 from overflow page |  |  |  |  |
| 0999. Totals (Lines 0901 through 0903 + 0998) (Line 9 above) |  |  |  |  |
| 2301. Other assets | 103,116,803 | 75,669,644 | 27,447,159 | 29,771,921 |
| 2302. Cash surrender value life insurance | 104,600,739 |  | 104,600,739 | 145,286,916 |
| 2303. Equities and deposits in pools and associations | 30,417,339 |  | 30,417,339 | 23,507,413 |
| 2398. Summary of remaining write-ins for Line 23 from overflow page | 148,781,160 | 4,807,359 | 143,973,801 | 136,094,822 |
| 2399. Totals (Lines 2301 through 2303 + 2398) (Line 23 above) | 386,916,041 | 80,477,003 | 306,439,038 | 334,661,072 |

1